THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                                    :
DAVID STAUB,                        :    HONORABLE JEROME B. SIMANDLE
                                    :
              Plaintiff,            :
                                    :    Civil No. 08-2061 (JBS/KMW)
        v.                          :
                                    :
UNITED STATES OF AMERICA,           :
                                    :    OPINION
              Defendant.            :
                                    :
```

APPEARANCES:

Eric G. Zajac
ZAJAC & ARIAS, LLC
1818 Market Street
30th Floor
Philadelphia, PA 19103
      Counsel for Plaintiff

Paul J. Fishman
United States Attorney
By:  Elizabeth Ann Pascal
      Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
401 Market Street, 4th Floor
Camden, New Jersey 08101
      Counsel for Defendant

**SIMANDLE**, District Judge:

        This accident arises out of an automobile accident in New
Jersey, in which Plaintiff David Staub's vehicle was struck in
the rear by a federal government-owned vehicle driven by a
recruiter for the United States Army.  The matter is presently
before the Court on two cross-motions for summary judgment
[Docket Items 14 and 16] that require the Court to determine
whether the United States is entitled to the protection of New

Jersey's "verbal threshold"[1] in N.J. Stat. Ann. § 39:6A-8(a), which bars tort liability for non-economic loss except in a few limited circumstances.  In addition, the Court must address Plaintiff's constitutional challenges to New Jersey's "deemer" statute in N.J. Stat. Ann. § 17:28-1.4, which deems out-of-state motorists who choose to use insurance companies licensed in New Jersey to have selected New Jersey's tort threshold under Section 39:6A-8(a).  For the reasons discussed below, the Court finds that New Jersey's verbal threshold applies to the United States, that New Jersey's deemer statute is valid under both the Commerce Clause and the Privileges and Immunities Clause, and therefore Plaintiff's non-economic claims must be dismissed.

## I.    BACKGROUND

On the afternoon of October 31, 2006, Sergeant Christopher White, a recruiter for the United States Army who was driving a

---

[1]    "Verbal" threshold is used as a shorthand term to describe the limitation-on-lawsuit threshold. The modern "limitation on lawsuit" threshold was adopted as part of the 1998 Automobile Insurance Cost Reduction Act (AICRA). L. 1998, c. 21, § 11. It replaced the older "verbal" threshold, which required a plaintiff to show that her injuries met one of nine statutory categories and that she had suffered a serious life impact.  See generally [DiProspero v. Penn, 874 A.2d 1039, 1040-47 (N.J. 2005)] (discussing development of tort limitations in New Jersey automobile insurance law).

Zabilowicz v. Kelsey, 984 A.2d 872, 875 n.4 (N.J. 2009).

government-owned automobile in Egg Harbor Township, New Jersey, struck Plaintiff's automobile in the rear.  Sgt. White was on his way to an Army applicant's home and so was within the scope of his employment at the time.  Plaintiff suffered some injuries as a consequence of the accident, but he concedes that none of those injuries meet the exceptions to New Jersey's verbal threshold.[2] (Pl. Response to Def. Statement of Fact ¶ 63.)  At the time of the accident, Plaintiff was a licensed driver in the State of Maryland and his car was registered in Maryland.  (Pascal Declaration, Exh. A (Police Report) & Exh. F (Insurance Policy).) Plaintiff's insurance company was Esurance and Plaintiff maintained a Maryland policy.  (Id., Exh. F.)  It is undisputed that Esurance is authorized to do business in New Jersey.  See www.state.nj.us/dobi/division_consumers/insurance/ autoinscontacts.htm.  The United States of America is self-insured, but provides federal employees no-fault benefits for

---

[2] Bodily injuries that result "in death, dismemberment, significant disfigurement or significant scarring, displaced fractures, loss of a fetus, or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement" are excepted from New Jersey's verbal threshold. N.J. Stat. Ann. § 39:6A-8(a).  Generally, a plaintiff seeking to overcome the verbal threshold must submit a certification from a physician stating that the plaintiff has one of the enumerated injuries.  Id.  Plaintiff has not submitted such a certification, and Defendant has sought dismissal on this ground as well.  In light of Plaintiff's concession that he does not have an enumerated injury, the Court need not address this issue further.

work-related injuries under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8152.

Plaintiff brought suit against the United States of America on April 23, 2008.  On July 10, 2009, Plaintiff filed a motion for partial summary judgment, asking the Court to find New Jersey's verbal threshold inapplicable.  On July 29, 2009, Defendant filed a cross-motion for partial summary judgment, asking the Court to apply New Jersey's verbal threshold and to dismiss Plaintiff's claims based on non-economic injuries (pain and suffering).

## II.  DISCUSSION

### A.   Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of

fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).  In these motions for partial summary judgment on the applicability of New Jersey's verbal threshold, none of the material facts  -- Plaintiff's place of residency and insurance, the nature of Plaintiff's injuries, the nature of the United States' insurance -- is in dispute.

> **B.   New Jersey's Verbal Threshold and the Federal Tort Claims Act**

The central question in this case is the relationship between the Federal Tort Claims Act ("FTCA") and New Jersey's motor vehicle tort liability scheme.  Plaintiff makes no reference to the FTCA in his arguments, and asks the Court to apply the literal terms of Section 39:6A-8(a) and find that the United States is unprotected by the tort threshold.  Defendant argues that under the FTCA it must be considered in "like circumstances" to a private individual complying with New Jersey's insurance mandates and so entitled to the protection of New Jersey's verbal threshold.  For the reasons the Court will discuss below, the Court agrees with Defendant and finds that the United States is entitled to the limitations of non-economic damages under the verbal threshold.

Plaintiff brought suit under the FTCA, which "subjects the United States to tort liability for negligence."  Reo v. U.S.

Postal Service, 98 F.3d 73, 75 (3d Cir. 1996).  Under the FTCA, the United States is only liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see 28 U.S.C. § 1346(b) (providing exclusive jurisdiction to federal district courts over negligence claims against federal employees "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.") Consequently, the Court must look to the law of New Jersey, as the place of the accident, to determine what law governs a private individual under like circumstances as the United States. See Roe, 98 F.3d at 75.

New Jersey's automobile insurance scheme provides two options for those purchasing insurance.  The first type of coverage, outlined in Section 39:6A-8(a), is known as "verbal threshold" coverage, and precludes tort recovery for non-economic injuries except those that fall into six categories[3] (which Plaintiff concedes he did not suffer).  The second type of coverage, outlined in 39:6A-8(b), allows for unlimited recovery for non-economic injuries in exchange for higher premiums.  See Zabilowicz v. Kelsey, 984 A.2d 872, 873 (N.J. 2009).

---

[3] See n.2, supra.

6

The relevant language of Section 39:6A-8(a), the verbal threshold provision, reads:

> a. Limitation on lawsuit option. Every owner, registrant, operator or occupant of an automobile to which [N.J. Stat. Ann. § 39:6A-4], personal injury protection [("PIP")] coverage, . . . applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain [PIP] coverage pursuant to [Section 39:6A-4] . . . or is a person who has a right to receive benefits under [Section 39:6A-4] . . ., as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a bodily injury which [falls into six enumerated categories].

Personal injury protection ("PIP"), as outlined under Section 39:6A-4, provides no-fault coverage for personal injuries.  The United States is exempt from New Jersey's motor vehicle insurance regulations, including the requirement of providing PIP protection.  N.J. Stat. Ann. § 39:6-54.  Section 39:6-54 excludes federal and state entities from the various insurance requirements.

To complement its tort liability scheme, New Jersey has enacted a "deemer statute" to address non-resident motorists in New Jersey.  N.J. Stat. § 17:28-1.4; Dyszel v. Marks, 6 F.3d 116, 120 (3d Cir. 1993).

> N.J. Stat. Ann. § 17:28-1.4 states that non-resident auto owners who are insured by insurance companies licensed to operate in the State of New Jersey are subject to the verbal

> threshold, that is, not allowed to sue for
> non-economic injuries, if the insured vehicle is
> used or operated in New Jersey. This is true
> whether or not the out-of-state insured has full
> coverage in his or her home state policy, including
> coverage for non-economic injuries.

Dyszel, 6 F.3d at 120. The deemer statute provides additional

protections for non-residents that fall within its scope, in that

it requires insurance companies licensed in New Jersey to

provide, among other things, PIP coverage. N.J. Stat. Ann. §

17:28-1.4

New Jersey courts have created a two-prong test for

determining whether the verbal threshold applies. Continental

Ins. Co. v. McClelland, 672 A.2d 194, 195 (N.J. Super. Ct. App.

Div. 1996); Beaugard v. Johnson, 656 A.2d 1282, 1285 (N.J. Super.

Ct. App. Div. 1995).[4]

> The first prong directs an examination of the
> status of the defendant, namely, whether the
> defendant is the owner or operator of an
> "automobile" and is entitled to receive no-fault
> PIP benefits under N.J. Stat. Ann. § 39:6A-4. . . .
> The second prong focuses on the plaintiff's
> "characteristics," namely whether plaintiff is a
> person who is: (a) "subject to" the verbal
> threshold statute and (b)(i) is required to
> maintain PIP coverage, or (ii) has a right to

---

[4] Though the two-prong test was formulated based on the pre-1998 verbal threshold statute, the amendments to the statute (narrowing the excepted categories from nine to six, creating a physician certification requirement) do not alter the analysis, which continues to be cited. See Nortesano v. Torres-Romero, No. MID-L-6797-03, 2006 WL 3475201, at *2-3 (N.J. Super. Ct. App. Div. Dec. 4, 2006) (applying the Beaugard prongs to the present statute).

> receive PIP benefits under N.J. Stat. Ann. §
> 39:6A-4.

Beaugard, 656 A.2d at 1285 (internal citations omitted).

Consequently, the Court must first determine whether the United States, as the defendant, is in "like circumstances" to the owner or operator of an automobile who maintains PIP coverage under N.J. Stat. Ann. § 39:6A-4. Plaintiff would have the Court look only to the literal terms of New Jersey's verbal threshold statute and hold that the United States is not covered because they are not required to provide PIP benefits under Section 39:6A-4. Defendant responds that, despite the exemption from New Jersey's automobile insurance regulations, the self-insurance the United States provides is substantially similar to New Jersey's no-fault insurance scheme and so it should be considered in like circumstances to a private person who has met New Jersey's insurance requirements.

The Court finds that the United States is in "like circumstances" to a self-insured private New Jersey citizen. See Witty v. United States, 947 F. Supp. 137 (D.N.J. 1996) (United States entitled to the protections of New Jersey's verbal threshold); Nationwide Mut. Ins. Co. v. United States, 3 F.3d 1392 (10th Cir. 1993) (United States in like circumstances to a private individual who met the state's insurance requirements). Plaintiff emphasizes that New Jersey's statutory scheme does not equate the United States with a private person, but Plaintiff

ignores the fact that the FTCA -- the federal statute that forms the basis of his claim and conditions the waiver of the United States' sovereign immunity from tort suits generally -- requires that the United States be equated with a private person in order for liability to attach.  The equation need not be exact, for as the Supreme Court has emphasized, the FTCA requires "like circumstances" not "the same circumstances."  Indian Towing Co. v. United States, 350 U.S. 61, 64 (1955) ("The Government reads [the FTCA] as if it imposed liability to the same extent as would be imposed on a private individual 'under the same circumstances.' But the statutory language is 'under like circumstances' . . .").  The Tenth Circuit, considering a similar question, observed:

> The "like circumstances" inquiry is designed to prevent state legislatures from using the United States' waiver of sovereign immunity under the FTCA as an occasion to "enrich their own citizens at the expense of the deepest pocket."  Carter v. United States, 982 F.2d 1141, 1143 (7th Cir. 1992).  This goal is accomplished by requiring the United States' liability to be measured by reference to the liability of private parties.  Recognizing that the United States is seldom situated identically to private parties, however, the "like circumstances" inquiry requires only that the United States be analogized to a similarly situated private party. [Indian Towing Co., 350 U.S. at 64]; Carter, 982 F.2d at 1144.  "Nice pieces of casuistry[5] and hypersensitive legalisms are [to be] avoided" in

---

  [5] Casuistry is defined as "Sophistical, equivocal, or specious reasoning: false application of principles specifically in regard to law or morals."  Webster's Third New Int'l Dictionary 349 (3d ed. 1993).

> interpreting this language.   Roelofs v. United
> States, 501 F.2d 87, 92 (5th Cir. 1974), cert.
> denied, 423 U.S. 830 [] (1975).

Nationwide Mut., 3 F.3d at 1396.

A private individual in New Jersey is entitled to the exemptions from regulation that New Jersey must give to the United States under principles of federalism.  A private individual may, however, self-insure.  See N.J. Stat. Ann. § 39:6-52.  "New Jersey courts have held that a self-insurer's coverage obligations are co-extensive with the obligations of those possessing liability policies," including those obligations under New Jersey's No-Fault Law, N.J. Stat. Ann. §§ 39:6A-1 to -34.  Ryder/P.I.E. Nationwide, Inc. v. Harbor Bay Corp., Inc., 575 A.2d 416, 420-21 (N.J. 1990); Liberty Mut. Ins. Co. v. Thomson, 896 A.2d 1143, 1145 (N.J. Super. Ct. App. Div. 2006). Consequently, a private self-insured citizen is required to provide PIP coverage under Section 39:6A-4.  Liberty Mut. Ins., 896 A.2d at 1145-47 (self-insured business licensed in New Jersey was required to offer PIP benefits).  The United States, which similarly self-insures and similarly provides no-fault coverage for personal injuries, is thus in a like circumstance to a private self-insured citizen under New Jersey law to whom PIP coverage applies.

In so finding, the Court is supported by the opinion in Witty, which addressed this identical issue and came to the same

conclusion.  The plaintiff in <u>Witty</u> similarly brought claims under the FTCA for an automobile accident with a federal employee.  947 F. Supp. at 139.  The court determined that New Jersey's verbal threshold applied even though the United States was not literally entitled to PIP benefits, because the United States should be considered in "like circumstances" with a private citizen who complied with New Jersey's insurance requirements.  <u>Id.</u> at 141-43.  The court explained:

> The Federal Employees Compensation Act, 5 U.S.C. §§ 8101, et seq., like New Jersey's no-fault insurance, "provides that federal government employees are entitled to no-fault benefits for any injuries stemming from the performance of work, including unlimited coverage for medical bills, rehabilitation, and lost wages, and also provides death benefits tied to an employee's salary." [<u>Allstate Ins. Co. v. United States</u>, 864 F.Supp. 1015, 1019 (D. Co. 1994)]; [<u>United States Fidelity & Guaranty Co. v. United States</u>, 728 F.Supp. 651, 654 (D. Utah 1989)]; <u>see also</u> 5 U.S.C. §§ 8101, et seq.  The maintenance of such a "financially responsible system of self-insurance," by the United States, <u>see</u> <u>Nationwide Mutual</u>, 3 F.3d at 1396, places it in "like circumstances" with a private owner of an automobile covered by New Jersey's no-fault insurance.  The entirely fortuitous circumstance that Plaintiff was involved in an automobile accident with a vehicle owned and operated by the United States should not place him in a more advantageous position than had he been involved in an accident with a privately owned vehicle.

<u>Id.</u> at 143.

There being no private New Jersey citizen in the same position as the United States -- because the exemption from insurance regulations is limited to government entities -- the

Court finds that the private citizen in like circumstances to the United States is a self-insured citizen who maintains PIP coverage.  Consequently, the first prong of the New Jersey verbal threshold analysis is satisfied.[6]

The second prong -- whether Plaintiff is subject to the verbal threshold and entitled to PIP benefits -- is addressed more quickly.  Plaintiff is a non-resident motorist using a motor vehicle insurance company licensed to do business in New Jersey.  Under New Jersey's deemer statute, his insurance company was required to provide Plaintiff PIP coverage, and Plaintiff is deemed to have selected the tort threshold option for insurance coverage, regardless of whatever tort option he actually selected.  N.J. Stat. Ann. § 17:28-1.4; Dyszel, 6 F.3d at 120; Whitaker v. DeVilla, 687 A.2d 738, 746-47 (N.J. 1997).  Therefore, assuming the validity of the deemer statute (an issue to be discussed below), the Court finds that the second prong is similarly met.

---

[6] Plaintiff argues vehemently that the United States should not be entitled to the verbal threshold protections, because it has not contributed to the New Jersey's no-fault scheme.  The United States does, however, provide no-fault coverage for the personal injuries of its employees.  The employees of the United States, if themselves injured during a motor vehicle accident in the scope of their duties, would likewise be subject to the limitations of New Jersey's verbal threshold in pursuing personal injury claims arising from a New Jersey accident.  Plaintiff offers no other private citizen in like circumstances to the United States that would better satisfy the intentions of New Jersey's statutory scheme.

The Court concludes that New Jersey's verbal threshold applies to this case, because the United States is in like circumstances with a private citizen entitled to PIP benefits and Plaintiff is subject to New Jersey's verbal threshold and similarly entitled to PIP benefits.  Plaintiff has conceded that none of his injuries are severe enough to meet the exceptions to the verbal threshold and it follows that Court, again assuming the validity of New Jersey's deemer statute, must dismiss Plaintiff's claims for non-economic injuries.

### C.   Constitutionality of New Jersey's Deemer Statute

Plaintiff, in his opposition to Defendant's cross-motion for partial summary judgment, challenges New Jersey's deemer statute as unconstitutional under the Commerce Clause and the Privileges and Immunities Clause of Article IV.  Plaintiff asserts that the deemer statute violates the Commerce Clause because it imposes an impermissible burden on interstate commerce "by discouraging travel through New Jersey."  Plaintiff further asserts that the statute interferes with Plaintiff's ability to do business in New Jersey and so violates the Privileges and Immunities Clause.  As the Court will explain below, neither argument holds weight and the Court finds that the deemer statute must withstand both constitutional challenges.

1.   Commerce Clause

"[T]he purpose of the dormant Commerce Clause is to prevent '[s]tate and local governments [from using] their regulatory power to favor local enterprise by prohibiting patronage of out-of-state competitors or their facilities.'"  Harvey & Harvey, Inc. v. County of Chester, 68 F.3d 788, 798 (3d Cir. 1995) (quoting C & A Carbone, Inc. v. Town of Clarkstown, N.Y., 511 U.S. 383, 394 (1994)), overruled on other grounds by Lebanon Farms Disposal, Inc. v. County of Lebanon, 538 F.3d 241 (3d Cir. 2008).  As a consequence, courts must apply a two-step analysis when faced with a Commerce Clause challenge.

> The initial question in a dormant Commerce Clause case is whether the state regulation at issue discriminates against interstate commerce "either on its face or in practical effect." Maine v. Taylor, 477 U.S. 131, 138 [] (1986); Harvey & Harvey, Inc. v. County of Chester, 68 F.3d 788, 797 (3d Cir. 1995). If so, heightened scrutiny applies. "Discrimination against interstate commerce in favor of local business or investment is per se invalid, save in a narrow class of cases in which the [State] can demonstrate, under rigorous scrutiny, that it has no other means to advance a legitimate local interest." C & A Carbone, Inc. v. Town of Clarkstown, 511 U.S. 383, 392 [] (1994); Juzwin v. Asbestos Corp., 900 F.2d 686, 689 (3d Cir. 1990). On the other hand, if the state regulation does not discriminate against interstate commerce, but "regulates even-handedly" and merely "incidentally" burdens it, the regulation will be upheld unless the burden is "clearly excessive in relation to the putative local benefits." [Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970)]; Harvey & Harvey, 68 F.3d at 797.

<u>Cloverland-Green Spring Dairies, Inc. v. Pennsylvania Milk</u>
<u>Marketing Bd.</u>, 298 F.3d 201, 210 (3d Cir. 2002).

Plaintiff has not argued, and the Court can find no support
for the proposition, that New Jersey's deemer statute
discriminates against interstate commerce in favor of local
business. This is significant, because "[t]he burden of showing
that the statute discriminates rests on the party challenging the
statute." <u>Harvey & Harvey</u>, 68 F.3d at 802. Nothing in the
statute is designed to (nor is there evidence that it has the
effect of) burdening out-of-state commerce in favor of intra-
state commerce. Instead, it imposes a burden on one group of
non-residents who select insurance companies licensed in New
Jersey that it similarly imposes on all New Jersey residents who
select the tort threshold.[7] To the extent that this discourages
non-residents from seeking the services of insurance companies
licensed to do business in New Jersey, it appears that New Jersey
is willing to sacrifice an intra-state business interest in favor
of its insurance scheme. Heightened scrutiny does not,
therefore, apply.

_____

[7] Plaintiff's reliance on <u>Crutcher v. Kentucky</u>, 141 U.S. 47
(1891) is misplaced. While <u>Crutcher</u> involved a state-required
license to do business within the state, Plaintiff's challenge to
the deemer statute does involve any requirements to do business
in New Jersey. Plaintiff's ability to do business in New Jersey
is untouched by his choice of automobile insurance.

Rather, Plaintiff asserts, without providing any evidence, that the deemer statute, though even-handed, places an undue burden on interstate commerce "by discouraging travel through New Jersey." Setting aside the obvious fact that the deemer statute did not discourage Plaintiff from traveling through New Jersey, Plaintiff's simple, unsubstantiated, assertion that the deemer statute burdens interstate commerce cannot meet Plaintiff's burden under Pike. See Southcentral Pa. Waste Haulers Ass'n v. Bedford-Fulton-Huntingdon Solid Waste Auth., 877 F.Supp. 935, 940 (M.D. Pa. 1994) (challenger bears the burden of proving undue burden of interstate commerce under Pike). Moreover, the deemer statute also provides a benefit upon non-resident motorists by requiring their insurance companies who are licensed in New Jersey to provide PIP coverage for injuries suffered in New Jersey, pursuant to N.J. Stat. Ann. § 17:28-1.4, providing them with the prospect of thousands of dollars of coverage for medical expenses and lost income regardless of fault arising from a New Jersey accident. The Third Circuit has already found that New Jersey has a rational basis for its deemer statute and a clear benefit -- reducing automotive insurance premiums -- results. Dyzel, 6 F.3d at 125-27.[8] Plaintiff has failed to produce any

---

[8] The Third Circuit explained:

There is also a clear rational basis to support the Legislature's determination that out-of-state residents who operate autos in New Jersey should be

evidence that this even-handed regulation imposes any burden that is "clearly excessive in relation to the putative local benefits," Pike, 397 U.S. at 142, and so the Court must reject Plaintiff's Commerce Clause challenge.  See Cloverland-Green Spring Dairies, 298 F.3d at 210.

   2.   Privileges and Immunities

    The Privileges and Immunities Clause of Article IV has only limited application.

> A valid privileges and immunities claim requires proof of two elements: (1) whether the interest or right being burdened is "fundamental" and thus, protected by the Clause, see The Slaughter-House Cases, 83 U.S. (16 Wall) at 76; and (2) if it is, whether there are "substantial" reasons for the discrimination and "whether the degree of

―――――――――――

> precluded from recovering for non-economic loss unless the verbal threshold is satisfied. Inherent in the no-fault system is a statutory right to recover damages without the need to satisfy a threshold. The cost of such recovery must be paid out of the auto insurance system. Appellants, and those who would fall into their category, are not New Jersey insured. As such, they are not in a position to finance the cost of non-threshold coverage. Given this situation and the Legislature's desire to reduce or contain the cost of auto insurance, the legislative judgment was rationally consistent with the purpose of the statute. Furthermore, if the broadest coverage (no threshold) was provided to persons who did not pay for it, then the added cost to the insurer would have to be borne by others, namely consumers who purchase auto insurance. The Legislature reasonably concluded that such a situation would not foster reduced auto insurance premiums.

Dyzel, 6 F.3d at 127.

discrimination bears a close relation to them,"
<u>Toomer v. Witsell</u>, 334 U.S. 385, 396 [] (1948).

<u>Salem Blue Collar Workers Ass'n v. City of Salem</u>, 33 F.3d 265,
268 (3d Cir. 1994).  The first element requires courts to
determine "whether the 'right' at issue is fundamental to the
promotion of interstate harmony and bears upon the vitality of
the Nation as a single union."  <u>A.L. Blades & Sons, Inc. v.
Yerusalim</u>, 121 F.3d 865, 870 (3d Cir. 1997).  As a consequence,
the Court must determine whether Plaintiff's interest in suing
for non-economic damages bears upon the vitality of the Nation as
a single union.[9]

The Appellate Division of New Jersey's Superior Court has
already considered whether non-residents have a fundamental right
to sue for non-economic damages and has concluded that such an
interest is not fundamental within the meaning of the privileges
and immunities clause.  <u>Taylor v. Rorke</u>, 652 A.2d 207, 210-12
(N.J. Super. Ct. App. Div. 1995), <u>cert.</u> <u>denied by</u>, 660 A.2d 1197
(N.J. 1995).  The Appellate Division stated:

> [I]t is clear that the right to sue for
> non-economic damages is not an activity which is
> "basic to the livelihood of the nation." The
> statute does not prohibit nonresidents from

---

[9] Plaintiff's assertion that the interest at issue is his
ability to conduct his business is disingenuous.  Plaintiff has
provided no evidence and offered no credible argument to support
this assertion.  As previously noted, the fact that Plaintiff was
subject to the deemer statute did not prevent him from traveling
to what he alleges was a business convention on the day of the
accident.

19

> recovering for injuries sustained in an auto accident in New Jersey. Rather, the statute provides protection for these individuals, subject to the limits of the verbal threshold.
> . . .
> There is little doubt that the right to sue for non-economic damages is not a "fundamental activity whose restriction would hinder the formation, the purpose, or the development of a single union," and thus, we have no hesitancy in concluding that N.J. Stat. Ann. § 17:28-1.4 does not violate the Privileges and Immunities Clause. See [Baldwin v. Fish and Game Commission of Montana, 436 U.S. 371, 383 (1978)].

Taylor, 652 A.2d at 210-11.  The Court finds this reasoning compelling and will adopt it.  The Court consequently concludes that Plaintiff does not have a fundamental interest in suing for non-economic damages, making the Privileges and Immunities Clause inapplicable.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's partial motion for summary judgment and deny Plaintiff's partial motion for summary judgment.  The Court finds that the United States may avail itself of the protections of New Jersey's verbal threshold.  The Court will further dismiss Plaintiff's claims for non-economic damages, because Plaintiff concedes that his injuries do not fall into any exceptions to the verbal threshold. Finally, the Court will deny Plaintiff's constitutional challenges to New Jersey's deemer statute.

20

The accompanying Order shall be entered.


**March 4, 2010**                              **s/ Jerome B. Simandle**
Date                                           Jerome B. Simandle
                                               U.S. District Judge